# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-20716
Summary Calendar

DARLENE LANELL HOSEA

Plaintiff-Appellant

v.

AMERIQUEST MORTGAGE COMPANY; WELLS FARGO BANK

Defendants-Appellees

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARLENE LANELL HOSEA

Plaintiff-Appellant

v.

WELLS FARGO MINNESOTA NA, as Indenture Trustee of Group of
Repossessed Properties (GRP) Real Estate Asset Trust 2004-1

Defendants-Appellees

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARLENE LANELL HOSEA

Plaintiff-Appellant

v.

AMERIQUEST MORTGAGE COMPANY; TOWN AND COUNTRY CREDIT
CORPORATION; AMC MORTGAGE SERVICES, INC, formerly known as
Bedford Home Loans; ACC CAPITAL HOLDINGS CORPORATION

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-434
USDC No. 4:06-CV-3611
USDC No. 4:06-CV-3973

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Darlene Lanell Hosea, pro se, challenges the summary judgment awarded Defendants, contending a genuine issue of material fact exists on whether her home-equity loan is valid. The note for that loan from Ameriquest Mortgage Company was assigned to Wells Fargo Minnesota NA.

After Hosea defaulted, Wells Fargo sought judicial foreclosure. Hosea responded by filing multiple complaints against Ameriquest and Wells Fargo, three of which were consolidated into this action.

A summary judgment is reviewed de novo, applying the same standard as did the district court. E.g., Wheeler v. BL Dev. Corp., 415 F.3d 399, 401 (5th Cir. 2005). Such judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). No genuine issue of material fact exists if, pursuant to the summary-judgment evidence, no reasonable juror could find in favor of the nonmovant. E.g., Jenkins v. Methodist Hosps. of Dallas, Inc., 478 F.3d 255, 260 (5th Cir.), cert. denied, 128 S. Ct. 181 (2007).

Hosea contends: according to public records, the property securing the home-equity loan is more than one acre; homesteads could not be more than one acre when she executed the loan; therefore, it is invalid. See TEX. CONST. art.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

XVI, § 51 (amended 1999) (defining homestead). Assuming arguendo her legal contention is correct, Hosea failed to present any evidence establishing the property is more than one acre. On the other hand, as the district court found, defendants introduced uncontroverted evidence showing the plot securing the loan is less than an acre.

Accordingly, and essentially for the reasons stated by the district court, the judgment is AFFIRMED.